IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ASHTON CALHOUN | § | |
| v. | § | CIVIL ACTION NO. 6:09cv504 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Ashton Calhoun, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Calhoun was convicted of possession of a controlled substance in a drug-free zone, receiving a sentence of 15 years in prison. In his federal habeas petition, he asserted that he received ineffective assistance of counsel from his attorney, Kurt Noell, and that he did not understand the consequences of his plea, because he was unaware that the plea would have "3g" consequences. The Magistrate Judge ordered the Respondent to answer the petition and received copies of the state court records.

Upon review of the records and pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that the claims which Calhoun raised which had been exhausted through the state courts were that his plea was involuntary because he did not understand the consequences, the Texas prison system is treating his conviction as though it were a "3g" conviction when it is not, and he received ineffective assistance of counsel.

1

The Magistrate Judge then discussed each of these claims and determined that: Calhoun was aware of the consequences of his plea; his sentence is not being treated under Section 42.12, sec. 3g of the Texas Code of Criminal Procedure, but under another statute, art. 508.149 of the Texas Government Code, which has certain similarities, but certain other differences, with section 3g; and Calhoun did not receive ineffective assistance of counsel. The Magistrate Judge therefore recommended that the petition be denied and that Calhoun be denied a certificate of appealability *sua sponte*.

Calhoun filed objections to the Magistrate Judge's Report on July 6, 2010. In his objections, Calhoun says that his attorney knew nothing about art. 508.149, that he was "misled" because sentences under art. 508.149 are "3g-type" sentences in that they render him ineligible for release on mandatory supervision and do not count good time for early release, and the letter he received from Noell after his conviction regarding his conviction was inaccurate.

These objections fail to show that the Report of the Magistrate Judge was in error. As the Magistrate Judge said, the Constitution does not require that the states furnish defendants with information about parole eligibility or the effect of the plea on good time credits in order for the plea to be voluntary. Even if the letter from Noell to which Calhoun refers was inaccurate, a showing which Calhoun has not made, the Magistrate Judge pointed out that this letter was sent after the plea, conviction, and sentence, and thus could not form the basis for having the conviction or sentence set aside. The Magistrate Judge also correctly concluded that Calhoun's sentence was not being treated as a "3g" sentence by the Texas prison officials. Calhoun's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Ashton Calhoun is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of July, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**